UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILLA SPANGLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SELENE FINANCE LP, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-01503-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

**INTRODUCTION**

Plaintiff Camilla Spangler's complaint arises primarily out of her contention that because of alleged defects in the chain of assignments, defendants American Brokers Conduit, Law Offices of Les Zieve, Mortgage Electronic Registration Systems Inc. ("MERS"), Selene Finance LP, and Wilmington Savings Fund Society FSB wrongfully foreclosed on her home. She also accuses defendants of a variety of other misconduct associated with her home loan and foreclosure process. Defendants MERS, Wilmington, and Selene Finance have filed a joint motion to dismiss all of the alleged claims. For the reasons discussed below, the motion to dismiss is GRANTED.

**BACKGROUND**

On April 10, 2007, Spangler and her husband, now deceased, executed a promissory note and a security interest in the form of a Deed of Trust in the amount of $344,500. FAC ¶¶ 13-14; RJN, Exh. 1.[1] The Deed of Trust lists Spangler as the borrower, American Brokers Conduit as the lender, Financial Title Company as the trustee, and MERS as the nominee for American Brokers Conduit and the beneficiary. *Id*.

On May 27, 2008, the first Notice of Default was recorded. RJN, Exh. 3. On September 3,

---

[1] Defendants' request for judicial notice of the public records related to Spangler's foreclosure is GRANTED.

2008, MERS executed a Substitution of Trustee which substituted Recontrust Company as the new trustee. FAC ¶ 15; RJN, Exh. 4. The first Notice of Sale was also recorded on the same date. RJN, Exh. 5. Thereafter, MERS assigned "all right, title, and interest the loan" to Countrywide Home Loans Servicing, LP on March 24, 2009, making Countrywide the new beneficiary. FAC ¶ 16; RJN, Exh. 6.[2]

Defendants assert, and Spangler does not dispute, that due to requirements imposed by the federal government, Bank of America acquired Countrywide's loan portfolio in 2008.[3] As a result, in June 2010, MERS recorded a Substitution of Trustee and Assignment of Deed of Trust which substituted Recontrust as the trustee and granted all beneficial interest to BAC Home Loans Servicing, LP (previously Countrywide). RJN, Exh. 7. Subsequently, two more Notices of Sale were recorded, the first in June 2010 and the second in July 2011.[4] RJN, Exhs. 8, 9.

On February 15, 2012, Recontrust recorded the first "Trustee's Deed Upon Sale" against Spangler's home. RJN, Exh. 10. The Trustee's Deed Upon Sale initially transferred the Deed of Trust to Louden, LLC after Louden purchased the home on February 6, 2012. *Id*. But on May 9, 2013, Recontrust recorded a document titled "Notice of Rescission of Declaration of Default and Demand for Sale and of Notice of Default and Election to Sell," which rescinded all prior notices of sale and default. RJN, Exh. 11. As a result of the rescission, title was placed back into Spangler's name, BAC Home Loans Servicing was the beneficiary, and Recontrust was the trustee.

On November 10, 2014, Bank of America, as successor by merger of BAC Home Loans Servicing, recorded a Substitution of Trustee which substituted the Law Offices of Les Zieve as trustee. FAC ¶ 18; RJN, Exh. 12. On the same day, Les Zieve recorded a Notice of Default

---

[2] On July 1, 2015, MERS recorded a corrective "Corporate Assignment of Deed of Trust" clarifying that it was doing so "solely as nominee for ABC, its successor and/or assigns." FAC ¶ 19; RJN, Exh. 15. The assignment corrected the "assignor" from the March 24, 2009 assignment.
[3] *See United States v. Rebollo*, 506 F. App'x 544, 545 (9th Cir. 2013) (recognizing that Bank of America purchased Countrywide for $1.2 million); *Maixner v. BAC Home Loans Servicing, LP*, No. 10-cv-3037, 2011 WL 7153929, at *2 (D. Or. Oct. 26, 2011) (taking judicial notice of Bank of America's acquisition of Countrywide).
[4] A notice of sale lapses by operation of law when there is no sale within 365 days of its recordation. *See* California Civil Code § 2924g(c)(2).

1  demonstrating that Spangler owed over $174,000.  RJN, Exh. 13.

2  On January 16, 2016, Les Zieve recorded a final Notice of Sale.  RJN, Exh. 16.  A
foreclosure sale was held on January 28, 2016 and a second Trustee's Deed Upon Sale was
recorded a few days later on February 4, 2016.  RJN, Exh. 17.  The Trustee's Deed Upon Sale
conveyed the property to Wilmington Savings Fund Society, FSB, dba Christiana Trust,[5] who at
that time was also the foreclosing beneficiary.  *Id*.  Prior to the foreclosure sale, on January 22,
2016, BAC Home Loans Servicing had executed an "Assignment of Deed of Trust" which
assigned Wilmington all of its beneficial interest under the deed of trust.  RJN, Exh. 18.  This
assignment was recorded on February 5, 2016.  *Id*.

Based on this record, Spangler asserts eight causes of action: (1) wrongful foreclosure; (2) violation of California Civil Code § 2924(a)(6); (3) violation of California Civil Code § 2924.17; (4) violation of 15 U.S.C. § 1641(g); (5) rescission under the Truth in Lending Act and 15 U.S.C. § 1635; (6) violation of 15 U.S.C. § 1692c(b); (7) violation of Cal. Bus. & Prof. Code § 17200 (the "UCL"); and (8) a request for declaratory relief.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the

---

[5] Wilmington was functioning in its capacity as a trustee for BCAT 2015-14ATT.

plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

## DISCUSSION

Defendants move to dismiss all of Spangler's claims.

### I. WRONGFUL FORECLOSURE (CLAIM ONE)

"Wrongful foreclosure is an action in equity where a plaintiff seeks to set aside a foreclosure sale." *Hard v. Bank of New York Mellon*, No. 14-cv-01948, 2016 WL 2593911, at *12 (E.D. Cal. May 5, 2016). In order to state a claim for wrongful foreclosure, a plaintiff must allege that: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) she was prejudiced or harmed; and (3) she tendered the amount of the secured indebtedness or was excused from tendering." *Simmons v. Aurora Bank FSB*, No. 13-cv-00482-HRL, 2016 WL 192571, at *7 (N.D. Cal. Jan. 15, 2016).

Spangler alleges that any assignment purporting to transfer the beneficial interest in the loan to Wilmington is void because it occurred after the trust's closing date and that, even if it had been timely, it violates the Pooling Services Agreement which requires an unbroken chain of transfers and assignments. FAC ¶¶ 44-46.[6] The FAC specifically cites *Yvanova v. New Century Mortgage Corporation*, 62 Cal. 4th 919 (2016), a recent California Supreme Court case, as providing the authority under which Spangler is entitled to challenge the foreclosure. *Id.* ¶ 53. But Spangler's argument fails for at least two reasons: (1) she does not identify any requirement that the assignment of the deed of trust must be recorded in order to be effective; and (2) *Yvanova*

---

[6] While I accept the allegations in the complaint as true for the purposes of this motion, I note that Spangler has not provided the Court with the Pooling Services Agreement or any specific information identifying the date of the trust's closing.

4

does not stand for the proposition that a wrongful foreclosure action can be based on an assignment that occurs after the closing date.

Spangler contends that because the transfer of beneficial interest to Wilmington was recorded on February 5, 2016, approximately nine days after the foreclosure sale and one day after the Trustee's Deed Upon Sale was recorded, the assignment was improper. But while the assignment was recorded on February 5, 2016, it was *executed* six days before the foreclosure sale on January 22, 2016. RJN, Exh. 18. Spangler points to no authority that holds that an assignment of a deed of trust only becomes effective when recorded. Notably, California courts have held otherwise. *See Quintero Family Trust v. OneWest Bank, F.S.B.*, No. 09-cv-1561, 2010 WL 392312, at *7 (S.D. Cal. Jan. 27, 2010) ("The Court is not persuaded by Plaintiffs' argument that an assignment of the deed of trust does not become effective until it is recorded."); *Woodard v. Wells Fargo Bank, N.A.*, No. 5:14-cv-01017, 2014 WL 3534086, at *3 (C.D. Cal. July 16, 2014) ("[T]here is no recordation requirement for deeds of trust – only loans secured by mortgages require the beneficiary to record."); *see also Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 91 (2d Cir. 2014) ("A post-closing recordation does not in itself suggest that the assignments were made at the time of the recordation, and the record does not give rise to such a suggestion.").

Even if the loan was not assigned until after the trust's closing date, *Yvanova* does not hold that this late assignment creates a void foreclosure. *Yvanova* analyzed the question of whether "[i]n an action for wrongful foreclosure on a deed of trust securing a home loan, does the borrower have standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void?" 62 Cal. 4th at 926. The court held that "borrowers have standing to challenge assignments as void, but not as voidable." *Id*. at 939-940. It defined a void contract as one "without legal effect" that has "no existence whatever" and that no party can validate. *Id*. at 929 (internal citations omitted). In contrast, a voidable transaction "is one where one or more parties have the power . . . to avoid the legal relations created by the contract." *Id*. at 930 (internal citations and quotations omitted). "Despite its defects, a voidable transaction, unlike a void one, is subject to ratification by the parties." *Id*.

Spangler argues that *Yvanova* held that a transfer of a deed occurring after the trust's

closing date is void. But *Yvanova* does not do so. In fact, it specifically stated that it "express[es] no opinion" on "whether a postclosing date transfer into a… securitized trust is void or merely voidable." *Id.* at 931. What the California Supreme Court did was acknowledge that a panel of the California Court of Appeals held in *Glaski v. Bank of America, National Association*, 218 Cal. App. 4th 1079 (2013) that allegations that a plaintiff's note and deed of trust purportedly transferred into the trust after the trust's closing date were sufficient to create a void assignment. *Id.* But the *Yvanova* court made very clear that "[t]his last holding of *Glaski* is not before [it]." *Id.*

Numerous California district courts have found that *Glaski* is an "outlier and not widely accepted law." *Meixner v. Wells Fargo Bank, N.A.*, No. 214-cv-02143, 2016 WL 3277262, at *7 (E.D. Cal. June 14, 2016) (citing cases); *see also Pratap v. Wells Fargo Bank, N.A.*, No. 12-cv-06379-MEJ, 2014 WL 3884413, at *5 n. 4 (N.D. Cal. Aug. 7, 2014) (recognizing that multiple courts have disagreed with *Glaski*); *Snell v. Deutsche Bank Nat. Trust Co.*, No. 2:13- cv-02178, 2014 WL 325147, at **4-5 (E.D. Cal. Jan. 29, 2014) (same). In addition, since *Yvanova*, multiple courts, including the Ninth Circuit, have considered whether parties may bring a wrongful foreclosure action to challenge a foreclosure based on alleged defects in assignments of the deed of trust and have found that "because an act in violation of a trust agreement is voidable – not void – under New York law[7], which governs the Pooling and Service Agreement, [the plaintiff] lacks standing." *Morgan v. Aurora Loan Servs., LLC*, No. 14-55203, 2016 WL 1179733, at *2 (9th Cir. Mar. 28, 2016); *see also Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815 (2016) (noting that *Glaski* was based upon a New York case that was overturned and concluding that an assignment made after a trust's closing date would "merely render the assignment voidable"); *Reed v. Wilmington Trust, N.A.*, No. 16-cv-01933-JSW, 2016 WL 3124611, at *5 (N.D. Cal. June 3, 2016) (relying on *Morgan* to conclude that the plaintiff failed to state a claim for wrongful foreclosure based on a late assignment in violation of the Pooling and Service Agreement).

Because Spangler has not demonstrated that any assignment was void, Spangler lacks

---

[7] Although not expressly alleged, the Pooling Service Agreement at issue in this case appears to be governed by New York law. *See* FAC ¶ 47.

6

standing to pursue a claim for wrongful foreclosure.[8]

## II. CALIFORNIA CIVIL CODE § 2924(a)(6) (CLAIM TWO)

California Civil Code § 2924(a)(6) provides that: "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest." Cal. Civ. Code § 2924. Spangler asserts that because Wilmington, Selene Finance, and Les Zieve were not the original or substituted trustees under the original deed of trust, they did not have standing to record a Notice of Default or a Trustee's Deed Upon Sale against Spangler. FAC ¶ 64.

But neither the complaint nor the opposition brief explains on what basis Spangler makes this assertion.[9] The judicially noticed record establishes that on November 10, 2014 Recontrust substituted Les Zieve as the trustee under the deed of trust. RJN, Exh. 12. It was Les Zieve who then recorded a Notice of Sale on January 16, 2016. RJN, Exh. 16. The foreclosure sale was held a few days later and a Trustee's Deed Upon Sale was recorded on February 4, 2016. This document shows that Wilmington was the successful bidder and transfers trusteeship to it. *Id*.

Because Spangler fails to plead facts identifying where the error occurred, and the judicially noticeable record contradicts her conclusory allegations, the claim must be DISMISSED. *See Intengan v. BAC Home Loans Servicing LP*, 214 Cal. App. 4th 1047, 1055 (2013) (finding that when the plaintiff neither alleges nor argues facts from which the assignment might be inferred to be invalid, and the judicially noticed facts contradict the conclusory allegations, those allegations may be disregarded).

## III. CALIFORNIA CIVIL CODE § 2924.17 (CLAIM THREE)

California Civil Code § 2924.17(b) provides that: "[b]efore recording or filing [a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee] a mortgage servicer

---

[8] To the extent her wrongful foreclosure claim also derives from her theory that her mortgage was rendered void when the deed of trust was allegedly assigned without the promissory note, "California's non-judicial foreclosure law rejects the splitting-the-note theory." *Kramer v. Bank of Am., N.A.*, No. 1:13-cv-01499, 2014 WL 1577671, at *8 (E.D. Cal. Apr. 17, 2014).
[9] If this claim is based on the same set of allegations as her wrongful foreclosure claim, then it fails for the reasons described in the previous section.

United States District Court
Northern District of California

shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." Cal. Civ. Code § 2924.17.

In this case, two Trustee's Deeds of Sale were recorded, one in February 2012 and another in February 2016. RJN, Exhs. 10, 17. Spangler alleges that defendants did not "competently" review the file because if they had they would have seen that by attempting to serve and record the multiple Trustee's Deeds of Sale they violated section 2924. FAC ¶ 73. But Spangler omits any discussion of the Notice of Rescission Recontrust filed after the first notice of trustee's sale. RJN, Exh. 11. This notice rescinded the previous declaration of default and demand to sale. *Id*. Despite defendants' explicit mention of this document in their motion to dismiss, Spangler fails to address the rescission and provides no reason to question its validity.

This claim is DISMISSED.

## IV.   15 U.S.C. § 1641(g), TRUTH IN LENDING ACT ("TILA") (CLAIM FOUR)

Pursuant to 15 U.S.C. § 1641(g), upon the sale, transfer, or assignment of a loan, the new owner or assignee of the debt must notify the borrower in writing of such transfer. The notification should include: (1) the identity, address, telephone number of the new creditor; (2) the date of transfer; (3) how to reach an agent or party having authority to act on behalf of the new creditors; (4) the location of the place where transfer of ownership of the debt is recorded; and (5) any other relevant information regarding the new creditor. 15 U.S.C. § 1641(g). Defendants argue that Spangler's claim fails because, in part, she has not adequately pleaded damages.

To receive actual damages for a TILA claim, a plaintiff must establish detrimental reliance on the lack of disclosure. *See In re Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002) ("We join with other circuits and hold that in order to receive actual damages for a TILA violation, []a borrower must establish detrimental reliance."). A plaintiff's damages must be more than merely "speculative." *See Dubinsky v. Chevy Chase Bank*, No. 12-cv-02765-CRB, 2012 WL 5194090, at *3 (N.D. Cal. Oct. 19, 2012) ("Speculative damages are insufficient to impose liability under section 1641(g).").

Spangler alleges that her actual damages consist of "over calculation and overpayment of

interest on the loan, the cost of repairing [her] credit, costs associates with removing the cloud on the property" as well as the loss of equity. FAC ¶ 89. But Spangler fails to provide any causal link between the alleged lack of disclosure and her damages. Without pleading any type of detrimental reliance on the failed disclosures, Spangler's allegations are insufficient to establish that Wilmington[10] was the cause of these damages. This claim is DISMISSED.

## V. RESCISSION UNDER TILA AND 15 U.S.C. § 1635 (CLAIM FIVE)

TILA helps consumers avoid the "the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791-92 (2015) (citation omitted). To this end, the Act provides that "the obligor shall have the right to rescind the [consumer credit] transaction until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act]." 15 U.S.C. § 1635(a). This provision grants borrowers an unconditional right to rescind for three days, after which they may only rescind if a lender fails to satisfy the disclosure requirements. But even if the lender never provides a borrower with the disclosure requirements, the right of rescission "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).

Spangler asserts that she "exercised her right to rescind" under 15 U.S.C. § 1635 on October 23, 2010 by mailing a notice of rescission to American Brokers Conduit, Recontrust Company, and BAC Home Loans Servicing. FAC ¶ 97. This theory of liability suffers from multiple fatal flaws. First, it is not clear that the documents she attaches and refers to in her complaint constitute a proper notice of rescission. *See* FAC, Exh. K. Second, it is untimely, regardless. As she recognized in her complaint, Spangler executed her loan on April 2, 2007. It is indisputable that Spangler did not attempt to rescind within three days of the consummation of that transaction pursuant to 15 U.S.C. §1635(a). Even under the three years afforded by 15 U.S.C. § 1635(f), the deadline for a timely rescission of her loan expired on April 2, 2010, more than six

---

[10] Although Spangler initially asserted the claim against all defendants, Spangler's opposition brief identifies only Wilmington as a relevant party. Oppo. at 11 [Dkt. No. 24]. I construe this as her acknowledgment that she can only state this claim against Wilmington.

months prior to when she allegedly attempted to rescind her loan.

Accordingly, this claim must be DISMISSED.

## VI.     15 U.S.C. § 1692c(b) (CLAIM SIX)

15 U.S.C. § 1692c(b) of the Fair Debt Collection Practices Act ("FDCPA") provides:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

15 U.S.C. § 1692c(b).  "To plead an FDCPA claim, a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *King v. Nat'l Credit Works, Inc.*, No. 1:10-cv-02413, 2011 WL 3847018, at *3 (E.D. Cal. Aug. 30, 2011).  Spangler alleges that Les Zieve and Selene Finance are debt collectors under the meaning of the FDCPA and that their communication with Contra Costa County, by recording both of the Trustee's Deeds of Sale, violated section 1692c(b).  FAC ¶¶ 104-107.

Les Zieve and Selene Finance are not debt collectors under the FDCPA.  To be held liable for a violation of the FDCPA, a defendant must fall within the Act's definition of a "debt collector."  A "debt collector" under the FDCPA is either (1) a person the "principal purpose" of whose business is the collection of debts; or (2) a person who "regularly" collects debts on behalf of others.  15 U.S.C. § 1692a(6).  Beyond simply labeling Les Zieve and Selene Finance as "debt collectors," Spangler fails to provide any factual allegations supporting this categorization.  *See* FAC ¶¶ 101-113.  Additionally, "because foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA," and Spangler fails to allege that defendants took any actions beyond the foreclosure process, Spangler cannot assert a claim against these defendants.  *Reyes-Aguilar v. Bank of Am., N.A*, No. 13-cv-05764-JCS, 2014 WL 2917049,

1    at *8 (N.D. Cal. June 24, 2014) (internal quotation marks and citations omitted).

## VII.   UCL CLAIM (CLAIM SEVEN)

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The statute effectively borrows violations of others laws and treats them as independently actionable. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Because Spangler's UCL claim is derivative of her prior allegations and I have dismissed all other claims that may have served as predicate violations, this claim cannot survive. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190 (N.D. Cal. 2009) (dismissing the UCL claim because the court had dismissed all of the predicate violations).

## VIII.   DECLARATORY RELIEF (CLAIM EIGHT)

Spangler alleges a final claim for declaratory relief. However, because declaratory relief is not an independent cause of action, and the FAC fails to state a claim under which any relief can be granted, Spangler is not entitled to declaratory relief at this time. *See Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1219-20 (S.D. Cal. 2012) (holding that "[d]eclaratory relief is not an independent cause of action, but instead a form of equitable relief" and dismissing plaintiff's declaratory relief claim when she failed to state claim under her other causes of action).

## CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND. Spangler may file an amended complaint within 20 days of this Order. She is advised to only assert claims against defendants where there is a factual basis to do so.

**IT IS SO ORDERED**.

Dated: July 22, 2016



WILLIAM H. ORRICK
United States District Judge