UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILLA SPANGLER, | Case No. 16-cv-01503-WHO |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | Re: Dkt. No. 37 |
| SELENE FINANCE LP, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Camilla Spangler's Second Amended Complaint arises primarily out of her contention that because of alleged defects in the chain of assignments, defendants American Brokers Conduit, Law Offices of Les Zieve, Mortgage Electronic Registration Systems Inc. ("MERS"), Selene Finance LP, and Wilmington Savings Fund Society FSB wrongfully foreclosed on her home. She also accuses defendants of a variety of other misconduct associated with her home loan and foreclosure process. I previously dismissed Spangler's First Amended Complaint, granted her leave to amend, and advised her only to assert claims for which she has a factual basis. Spangler filed her Second Amended Complaint on August 10, 2016, which is barely changed from her First Amended Complaint. Defendants MERS, Wilmington, and Selene Finance have filed a joint motion to dismiss all of the alleged claims. There is no need for a second hearing to repeat the arguments I heard before on an almost identical complaint. The hearing is VACATED. As Spangler has again failed to allege facts sufficient to plausibly show that she is entitled to relief, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

## BACKGROUND

The basic facts underlying Spangler's claims remain the same in her Second Amended Complaint. On April 10, 2007, Spangler and her husband, now deceased, executed a promissory

1   note and a security interest in the form of a Deed of Trust in the amount of $344,500.  Second

2   Amended Complaint ("SAC") ¶¶ 13-14, (Dkt. No. 36); RJN, Exh. 3 (Dkt. No. 37-3).[1]  The Deed

3   of Trust lists Spangler as the borrower, American Brokers Conduit as the lender, Financial Title

4   Company as the trustee, and MERS as the nominee for American Brokers Conduit and the

5   beneficiary.  *Id.*

6          On May 27, 2008, the first Notice of Default was recorded.  RJN, Exh. 5.  On September 3,

7   2008, MERS executed a Substitution of Trustee which substituted Recontrust Company as the

8   new trustee.  SAC ¶ 15; RJN, Exh. 6.  The first Notice of Sale was also recorded on the same date.

9   RJN, Exh. 7.  Thereafter, MERS assigned "all right, title, and interest in said note" to Countrywide

10  Home Loans Servicing, LP on March 24, 2009, making Countrywide the new beneficiary.  SAC ¶

11  16; RJN, Exh. 8.[2]

12         Defendants assert, and Spangler does not dispute, that due to requirements imposed by the

13  federal government, Bank of America acquired Countrywide's loan portfolio in 2008.[3]  As a

14  result, in June 2010, MERS recorded a Substitution of Trustee and Assignment of Deed of Trust

15  which substituted Recontrust as the trustee and granted all beneficial interest to BAC Home Loans

16  Servicing, LP (previously Countrywide).  RJN, Exh. 9.  Subsequently, two more Notices of Sale

17  were recorded, the first in June 2010 and the second in July 2011.[4]  RJN, Exhs. 10, 11.

18         On February 15, 2012, Recontrust recorded the first "Trustee's Deed Upon Sale" against

19  Spangler's home.  RJN, Exh. 12.  The Trustee's Deed Upon Sale initially transferred the Deed of

20  Trust to Louden, LLC after Louden purchased the home on February 6, 2012.  *Id.*  But on May 9,

21

22  [1] Defendants' request for judicial notice of the public records related to Spangler's foreclosure is
    GRANTED.

23
    [2] On July 1, 2015, MERS recorded a corrective "Corporate Assignment of Deed of Trust"
24  clarifying that it was doing so "solely as nominee for ABC, its successor and/or assigns."  SAC ¶
    20; RJN, Exh. 17.  The assignment corrected the "assignor" from the March 24, 2009 assignment.
25
    [3] *See United States v. Rebollo*, 506 F. App'x 544, 545 (9th Cir. 2013) (recognizing that Bank of
26  America purchased Countrywide for $1.2 million); *Maixner v. BAC Home Loans Servicing, LP*,
    No. 10-cv-3037, 2011 WL 7153929, at *2 (D. Or. Oct. 26, 2011) (taking judicial notice of Bank of
27  America's acquisition of Countrywide).

28  [4] A notice of sale lapses by operation of law when there is no sale within 365 days of its
    recordation.  *See* California Civil Code § 2924g(c)(2).

United States District Court
Northern District of California

2013, Recontrust recorded a document titled "Notice of Rescission of Declaration of Default and Demand for Sale and of Notice of Default and Election to Sell," which rescinded all prior notices of sale and default. RJN, Exh. 13. As a result of the rescission, title was placed back into Spangler's name, BAC Home Loans Servicing was the beneficiary, and Recontrust was the trustee.

On November 10, 2014, Bank of America, as successor by merger of BAC Home Loans Servicing, recorded a Substitution of Trustee which substituted the Law Offices of Les Zieve as trustee. SAC ¶ 19; RJN, Exh. 14. On the same day, Les Zieve recorded a Notice of Default demonstrating that Spangler owed over $174,000. RJN, Exh. 15.

On January 16, 2016, Les Zieve recorded a final Notice of Sale. RJN, Exh. 18. A foreclosure sale was held on January 28, 2016 and a second Trustee's Deed Upon Sale was recorded a few days later on February 4, 2016. RJN, Exh. 19. The Trustee's Deed Upon Sale conveyed the property to Wilmington Savings Fund Society, FSB, dba Christiana Trust,[5] who at that time was also the foreclosing beneficiary. *Id*. Prior to the foreclosure sale, on January 22, 2016, BAC Home Loans Servicing had executed an "Assignment of Deed of Trust" which assigned Wilmington all of its beneficial interest under the deed of trust. RJN, Exh. 20. This assignment was recorded on February 5, 2016. *Id*. Eviction proceedings began on April 18, 2016. SAC ¶ 25.

Based on this record, Spangler asserts seven causes of action: (1) wrongful foreclosure; (2) violation of California Civil Code § 2924(a)(6); (3) violation of California Civil Code § 2924.17; (4) violation of 15 U.S.C. § 1641(g); (5) rescission under the Truth in Lending Act and 15 U.S.C. § 1635; (6) violation of Cal. Bus. & Prof. Code § 17200 (the "UCL"); and (7) a request for declaratory relief. These claims, and Spangler's factual allegations, are nearly identical to the claims asserted in her First Amended Complaint. For the reasons addressed in my prior order, and outlined below, Spangler has failed to allege facts sufficient to sustain these claims.

---

[5] Wilmington was functioning in its capacity as a trustee for BCAT 2015-14ATT.

United States District Court
Northern District of California

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

**DISCUSSION**

Defendants move to dismiss all of Spangler's claims.

**I.    WRONGFUL FORECLOSURE (CLAIM ONE)**

"Wrongful foreclosure is an action in equity where a plaintiff seeks to set aside a foreclosure sale." *Hard v. Bank of New York Mellon*, No. 14-cv-01948, 2016 WL 2593911, at *12 (E.D. Cal. May 5, 2016). In order to state a claim for wrongful foreclosure, a plaintiff must allege that: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) she was prejudiced or harmed; and (3) she tendered the amount of the secured indebtedness or was excused from tendering." *Simmons v. Aurora Bank FSB*, No. 13-cv-00482-HRL, 2016 WL 192571, at *7 (N.D.

United States District Court
Northern District of California

4

1   Cal. Jan. 15, 2016).

2        Spangler alleges that any assignment purporting to transfer the beneficial interest in the

3   loan to Wilmington is void because it occurred after the trust's closing date and that, even if it had

4   been timely, it violates the Pooling Services Agreement which requires an unbroken chain of

5   transfers and assignments.  SAC ¶¶ 45-48.[6]  The SAC specifically cites *Yvanova v. New Century*

6   *Mortgage Corporation*, 62 Cal. 4th 919 (2016), a recent California Supreme Court case, as

7   providing the authority under which Spangler is entitled to challenge the foreclosure.  *Id*. ¶ 55.

8   But Spangler's argument fails for at least two reasons: (1) she does not identify any requirement

9   that the assignment of the deed of trust must be recorded in order to be effective; and (2) *Yvanova*

10  does not stand for the proposition that a wrongful foreclosure action can be based on an

11  assignment that occurs after the closing date.

12       Spangler contends that because the transfer of beneficial interest to Wilmington was

13  recorded on February 5, 2016, approximately nine days after the foreclosure sale and one day after

14  the Trustee's Deed Upon Sale was recorded, the assignment was improper.  But while the

15  assignment was recorded on February 5, 2016, it was *executed* months before the foreclosure sale

16  on June 29, 2015.  RJN, Exh. 20.  Spangler points to no authority that holds that an assignment of

17  a deed of trust only becomes effective when recorded.  Notably, California district courts have

18  held otherwise.  *See Quintero Family Trust v. OneWest Bank, F.S.B*., No. 09-cv-1561, 2010 WL

19  392312, at *7 (S.D. Cal. Jan. 27, 2010) ("The Court is not persuaded by Plaintiffs' argument that

20  an assignment of the deed of trust does not become effective until it is recorded."); *Woodard v.*

21  *Wells Fargo Bank, N.A*., No. 5:14-cv-01017, 2014 WL 3534086, at *3 (C.D. Cal. July 16, 2014)

22  ("[T]here is no recordation requirement for deeds of trust – only loans secured by mortgages

23  require the beneficiary to record."); *see also Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d

24  79, 91 (2d Cir. 2014) ("A post-closing recordation does not in itself suggest that the assignments

25  were made at the time of the recordation, and the record does not give rise to such a suggestion.").

26

27  ───────────────
    [6] While I accept the allegations in the complaint as true for the purposes of this motion, I note that
28  Spangler has not provided the Court with the Pooling Services Agreement or any specific
    information identifying the date of the trust's closing.

1     Even if the loan was not assigned until after the trust's closing date, *Yvanova* does not hold

2     that a late assignment creates a void foreclosure.  *Yvanova* analyzed the question of whether "[i]n

3     an action for wrongful foreclosure on a deed of trust securing a home loan, does the borrower have

4     standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly

5     rendering the assignment void?"  62 Cal. 4th at 926.  The court held that "borrowers have standing

6     to challenge assignments as void, but not as voidable."  *Id*. at 939-940.  It defined a void contract

7     as one "without legal effect" that has "no existence whatever" and that no party can validate.  *Id*.

8     at 929 (internal citations omitted).  In contrast, a voidable transaction "is one where one or more

9     parties have the power . . . to avoid the legal relations created by the contract."  *Id*. at 930 (internal

10    citations and quotations omitted).  "Despite its defects, a voidable transaction, unlike a void one, is

11    subject to ratification by the parties."  *Id*.

12    Spangler argues that *Yvanova* held that a transfer of a deed occurring after the trust's

13    closing date is void.  But *Yvanova* does not do so.  In fact, it specifically stated that it "express[es]

14    no opinion" on "whether a postclosing date transfer into a… securitized trust is void or merely

15    voidable."  *Id*. at 931.  What the California Supreme Court did was acknowledge that a panel of

16    the California Court of Appeals held in *Glaski v. Bank of America, National Association*, 218 Cal.

17    App. 4th 1079 (2013) that allegations that a plaintiff's note and deed of trust purportedly

18    transferred into the trust after the trust's closing date were sufficient to create a void assignment.

19    *Id*.  But the *Yvanova* court made very clear that "[t]his last holding of *Glaski* is not before [it]."  *Id*.

20    Numerous California district courts have found that *Glaski* is an "outlier and not widely

21    accepted law."  *Meixner v. Wells Fargo Bank, N.A*., No. 214-cv-02143, 2016 WL 3277262, at *7

22    (E.D. Cal. June 14, 2016) (citing cases); *see also Pratap v. Wells Fargo Bank, N.A*., No. 12-cv-

23    06379-MEJ, 2014 WL 3884413, at *5 n. 4 (N.D. Cal. Aug. 7, 2014) (recognizing that multiple

24    courts have disagreed with *Glaski*); *Snell v. Deutsche Bank Nat. Trust Co*., No. 2:13- cv-02178,

25    2014 WL 325147, at **4-5 (E.D. Cal. Jan. 29, 2014) (same).  In addition, since *Yvanova*, multiple

26    courts, including the Ninth Circuit, have considered whether parties may bring a wrongful

27    foreclosure action to challenge a foreclosure based on alleged defects in assignments of the deed

28    of trust and have found that "because an act in violation of a trust agreement is voidable – not void

1    – under New York law[7], which governs the Pooling and Service Agreement, [the plaintiff] lacks

2    standing." *Morgan v. Aurora Loan Servs., LLC*, No. 14-55203, 2016 WL 1179733, at *2 (9th Cir.

3    Mar. 28, 2016); *see also Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815

4    (2016) (noting that *Glaski* was based upon a New York case that was overturned and concluding

5    that an assignment made after a trust's closing date would "merely render the assignment

6    voidable"); *Reed v. Wilmington Trust, N.A.*, No. 16-cv-01933-JSW, 2016 WL 3124611, at *5

7    (N.D. Cal. June 3, 2016) (relying on *Morgan* to conclude that the plaintiff failed to state a claim

8    for wrongful foreclosure based on a late assignment in violation of the Pooling and Service

9    Agreement).

10           Because Spangler has not demonstrated that any assignment was void, Spangler lacks

11   standing to pursue a claim for wrongful foreclosure.[8]   This claim is DISMISSED

12   **II.      CALIFORNIA CIVIL CODE § 2924(a)(6) (CLAIM TWO)**

13           California Civil Code § 2924(a)(6) provides that: "No entity shall record or cause a notice

14   of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the

15   beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee

16   under the deed of trust, or the designated agent of the holder of the beneficial interest."

17   Cal. Civ. Code § 2924.  Spangler asserts that when Bank of America recorded an "Assignment of

18   Deed of Trust" on February 5, 2016, it violated § 2924(a)(6) because (1) it tried to transfer an

19   interest that had already been transferred,  and (2) did not show how the beneficial interest was

20   transferred through a valid assignment.  SAC ¶ 83.

21           Spangler's allegations do not give rise to a § 2924(a)(6) violation.  This section limits the

22   parties that may record a default or otherwise initiate the foreclosure process.  It has no bearing on

23   how and when a party may assign a beneficial interest.  Further, as noted above, an assignment

24

25   ───────────────
     [7] Although not expressly alleged, the Pooling Service Agreement at issue in this case appears to be
26   governed by New York law.  *See* SAC ¶ 49.

27   [8] To the extent her wrongful foreclosure claim also derives from her theory that her mortgage was
     rendered void when the deed of trust was allegedly assigned without the promissory note,
28   "California's non-judicial foreclosure law rejects the splitting-the-note theory."  *Kramer v. Bank of
     Am., N.A.*, No. 1:13-cv-01499, 2014 WL 1577671, at *8 (E.D. Cal. Apr. 17, 2014).

United States District Court
Northern District of California

become effective on the date of assignment, not when it is recorded; therefore Spangler's claim that Bank of America attempted to transfer an interest that had already been transferred is erroneous.  Bank of America simply recorded an interest that had already been transferred.  Because Spangler fails to plead facts that would constitute a violation of § 2924(a)(6), the claim must be DISMISSED.

## III.    CALIFORNIA CIVIL CODE § 2924.17 (CLAIM THREE)

California Civil Code § 2924.17(b) provides that: "[b]efore recording or filing [a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee] a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information."  Cal. Civ. Code § 2924.17.

In this case, two Trustee's Deeds Upon Sale were recorded, one in February 2012 and another in February 2016.  RJN, Exhs. 12, 19.  Spangler alleges that defendants did not "competently" review the file because, if they had, they would have seen that, by attempting to serve and record the multiple Trustee's Deeds Upon Sale, they violated section 2924.  SAC ¶ 93.  Spangler acknowledges that a Notice of Rescission Recontrust was filed after the first notice of trustee's sale.  RJN, Exh. 13.  She asserts that this does not change the fact that that the 2012 Trustee's Deed Upon Sale was improperly recorded in the first place and alleges that both Trustee's Deeds Upon Sale were improperly recorded because the defendants had no valid interest in the property.  This argument fails because Spangler has not alleged facts showing that there were any deficiencies in the transfer of interests among the defendants and the judicially notice record indicates otherwise.  I need not accept Spangler's bare conclusory allegations.

This claim is DISMISSED.

## IV.    15 U.S.C. § 1641(g), TRUTH IN LENDING ACT ("TILA") (CLAIM FOUR)

Pursuant to 15 U.S.C. § 1641(g), upon the sale, transfer, or assignment of a loan, the new owner or assignee of the debt must notify the borrower in writing of such transfer.  The notification should include: (1) the identity, address, telephone number of the new creditor; (2) the date of transfer; (3) how to reach an agent or party having authority to act on behalf of the new

creditors; (4) the location of the place where transfer of ownership of the debt is recorded; and (5) any other relevant information regarding the new creditor. 15 U.S.C. § 1641(g). Defendants argue that Spangler's claim fails because, in part, she has not adequately pleaded damages.

To receive actual damages for a TILA claim, a plaintiff must establish detrimental reliance on the lack of disclosure. *See In re Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002) ("We join with other circuits and hold that in order to receive actual damages for a TILA violation, []a borrower must establish detrimental reliance."). A plaintiff's damages must be more than merely "speculative." *See Dubinsky v. Chevy Chase Bank*, No. 12-cv-02765-CRB, 2012 WL 5194090, at *3 (N.D. Cal. Oct. 19, 2012) ("Speculative damages are insufficient to impose liability under section 1641(g).").

Spangler alleges that her actual damages consist of "over calculation and overpayment of interest on the loan, the cost of repairing [her] credit, costs associates with removing the cloud on the property" as well as the loss of equity. SAC ¶ 116. But Spangler fails to provide any causal link between the alleged lack of disclosure and her damages. Her other allegation, that Wilmington concealed its identity and so she did not know with whom to negotiate, is implausible as she makes multiple references elsewhere in her complaint, acknowledging that Wilmington sent her a letter notifying her of its interest on July 28, 2015. SAC ¶ 62, 79. Without pleading any type of detrimental reliance on the failed disclosures, Spangler's allegations are insufficient to establish that Wilmington was the cause of these damages. This claim is DISMISSED.

## V.   RESCISSION UNDER TILA AND 15 U.S.C. § 1635 (CLAIM FIVE)

TILA helps consumers avoid the "the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791-92 (2015) (citation omitted). To this end, the Act provides that "the obligor shall have the right to rescind the [consumer credit] transaction until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act]." 15 U.S.C. § 1635(a). This provision grants borrowers an unconditional right to rescind for three days, after which they may only rescind if a lender fails to satisfy the disclosure requirements. But even if the lender never provides a borrower with the disclosure

9

United States District Court
Northern District of California

1   requirements, the right of rescission "expire[s] three years after the date of consummation of the

2   transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).

3       Spangler asserts that she "exercised her right to rescind" under 15 U.S.C. § 1635 on

4   October 23, 2010 by mailing a notice of rescission to American Brokers Conduit, Recontrust

5   Company, and BAC Home Loans Servicing. SAC ¶ 124. This theory of liability suffers from

6   multiple fatal flaws. First, it is not clear that the documents she attaches and refers to in her

7   complaint constitute a proper notice of rescission. *See* SAC, Exh. M. Second, it is untimely,

8   regardless. As she recognized in her complaint, Spangler executed her loan on April 2, 2007. It is

9   indisputable that Spangler did not attempt to rescind within three days of the consummation of that

10  transaction pursuant to 15 U.S.C. §1635(a). Even under the three years afforded by 15 U.S.C. §

11  1635(f), the deadline for a timely rescission of her loan expired on April 2, 2010, more than six

12  months prior to when she allegedly attempted to rescind her loan. Spangler's assertion that

13  equitable tolling should be applied because she was given misleading information about her lender

14  and creditor fails as she only alleges she received misleading information after the three year

15  rescission period had already run. It is therefore impossible that this allegedly misleading

16  information would have impacted her ability to exercise her right of rescission.

17      Accordingly, this claim must be DISMISSED.

18  **VI.    UCL CLAIM (CLAIM SIX)**

19      The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus.

20  & Prof. Code § 17200. The statute effectively borrows violations of others laws and treats them as

21  independently actionable. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163,

22  180 (1999). Because Spangler's UCL claim is derivative of her prior allegations and I have

23  dismissed all other claims that may have served as predicate violations, this claim cannot survive.

24  *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190 (N.D. Cal. 2009)

25  (dismissing the UCL claim because the court had dismissed all of the predicate violations).

26  **VII.   DECLARATORY RELIEF (CLAIM SEVEN)**

27      Spangler alleges a final claim for declaratory relief. However, because declaratory relief is

28  not an independent cause of action, and the SAC fails to state a claim under which any relief can

be granted, Spangler is not entitled to declaratory relief at this time.  *See Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1219-20 (S.D. Cal. 2012) (holding that "[d]eclaratory relief is not an independent cause of action, but instead a form of equitable relief" and dismissing plaintiff's declaratory relief claim when she failed to state claim under her other causes of action).

**CONCLUSION**

For the aforementioned reasons, defendants' motion to dismiss is GRANTED without leave to amend, and the case is dismissed with prejudice.  The hearing scheduled for October 5, 2016 is VACATED.

**IT IS SO ORDERED**.

Dated: October 3, 2016



WILLIAM H. ORRICK
United States District Judge